MICHAEL ROCKIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rockin v. Commissioner
Docket No. 2902-79
United States Tax Court
T.C. Memo 1980-448; 1980 Tax Ct. Memo LEXIS 134; 41 T.C.M. (CCH) 145; T.C.M. (RIA) 80448; October 7, 1980, Filed *134 Michael Rockin, pro se. Janet A. Engel, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in federal income tax against petitioner in the amount of $3,836.59 for the taxable year 1975. The issue to be decided is the correct amount of net wagering income realized by petitioner during 1975. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner filed his Federal income tax return for the taxable year 1975 with the Director, Internal Revenue Service Center, Kansas City, Missouri. He resided in Chicago, Illinois, when he filed his petition. From 1971 through 1975 petitioner placed wagers at various horse races. He maintained records by recording on the racing program the amount bet on that horse and how much he received back. From the program he posted the net result of that day in a spiral notebook. He would then summarize the results from the spiral notebook onto a schedule attached to his Federal income tax return. Petitioner's records for the taxable year 1975 were lost when *135 he changed his residence. The entries in petitioner's spiral notebook which he maintained for the taxable year 1974 are traceable into the schedule attached to his Federal income tax return filed for that year. On his Federal income tax return for the taxable year 1975 petitioner reported net winnings from racing of $4,380 broken down by types of races, race tracks and dates and reflecting the net wins and losses within each category. The Commissioner, in his statutory notice of deficiency, determined that petitioner realized gambling income of $19,601.90 from which he deducted the net winnings of $4,380 reported on petitioner's return, leaving a net increase in income of $15,221.90. OPINION We must decide the correct amount of net income realized by petitioner from his gambling activities in 1975. The Court hears many of these cases and frequently hears excuses for not producing adequate records. We find the instant case somewhat unique. The method by which petitioner maintained his records and reflected the wins and losses on his income tax returns was adequate. Based upon our observation of petitioner as a witness, we believe his testimony. The records he offered *136 for the taxable year 1974 tie into the return for that year. We believe his testimony when he stated that he maintained similar records for 1975. The schedule attached to his 1975 return is similar to the one attached to his 1974 return. The records maintained for recording gambling wins and losses which are acceptable vary, depending upon all of the facts and circumstances. . [1] Cf. . Because there is no independent source for verifying gambling losses, such proof must necessarily be weighed by our view of the honesty and forthrightness of the taxpayer. In this case, we believe what he testified to and that the gross winnings reflected on Forms 1099, aggregating $19,601.90, when "netted out" against his losses, equals the net income reported on his return. Decision will be entered for the petitioner. Footnotes
1. .↩